POWELL *vs.* MAYO and others.

On the trial of an issue at law under a bill to quiet title, it is incumbent on the plaintiff (the defendant in the bill) to establish his title, as in an action of ejectment. And where the issue permits him to set up either of two different titles, his selection of one of them at the trial is binding on him, and he must abide by the result of his selection.

Bill to quiet title. Motion for new trial.

*Mr. H. Richards* and *Mr. J. Vanatta,* for motion.

*Mr. W. J. Magie* and *Mr. Cortlandt Parker, contra.*

THE CHANCELLOR.

A verdict in favor of the defendants in this suit, rendered at the September Term, 1874, of the Union Circuit, upon the issue at law, as originally framed, was set aside and a new trial ordered. *Powell* v. *Mayo,* 11 *C. E. Green* 120. The issue was subsequently amended so as to permit them to set up, on the trial, title, either by descent from John De Hart, senior, or under the conveyance, by John De Hart, junior, as surviving executor of his father, John De Hart, senior, to James B. Clark, and the subsequent conveyance by Clark to John De Hart, junior. On the trial of that issue (which resulted in a verdict in favor of the complainant), the defendants in the suit, who were plaintiffs in the issue, put in their claim of title by descent only. The complainant then put in the title of Clark, under the conveyance above mentioned, and proved unbroken possession, adverse thereto, and rested. At the close of the evidence, the complainant's counsel asked the defendants' counsel whether he intended to put in, as part of his case, the conveyance from Clark to John De Hart, junior, which was the foundation of the second or alternative title, mentioned in the issue, and the defendants' counsel declined to put in that deed, declaring his intention to stand

on the case as he had made it. The defendants in this suit, to whom, as before mentioned, the verdict was adverse, move for a new trial, on the ground of newly-discovered evidence, that the verdict is contrary to law, and that the issue which this court intended that the parties should try, was not, in fact, tried. They insist that the verdict was contrary to law, on the ground that although the possession of Jane De Hart, under whom the complainant claims title, was adverse to Clark, it was not adverse to her co-tenants in common, the other heirs-at-law of John De Hart, senior, or those claiming under them, because she, at the time of that conveyance, was in possession, and her possession then was that of her co-tenants in common. This subject was considered in deciding the former motion for a new trial. It was then held that the possession of Jane De Hart and those claiming under her, could not have been, after the conveyance to Clark, that of a tenant in common, for the reason that there could have been no tenancy in common at that time, because the conveyance to Clark was a severance, and destroyed the community of interest of the heirs of John De Hart, senior, in the property, if, indeed, it existed up to that time. This appears, also, to have been the view of Justice Van Syckel, before whom the last trial took place. Still entertaining that opinion, I deem it unnecessary to say more in reference to that part of the application which rests on the allegation that the verdict was contrary to law.

Nor should there be a new trial, on the ground that the issue intended to be tried was not, in fact, tried, because of the election of the defendants' counsel, at the trial, to stand on the claim of title through descent from John De Hart, senior, and his refusal to have recourse to the alternative claim of title. The defendants here were, properly, plaintiffs in the issue. It was incumbent on them to establish their title on the trial of the issue, as in an action of ejectment. Though this court afforded them an opportunity of availing themselves, if practicable, of title under the conveyance from Clark to John De Hart, junior, thus enabling them to have recourse to either title, as they might deem

most to their advantage, they deliberately chose to stand on the claim of title through descent from John De Hart, senior, ignoring the conveyance to Clark, and that from him to John De Hart, junior, and they must abide by the result of their choice. The real issue was tried.

The newly-discovered evidence is, that from 1846 to 1850, Edward C. Mayo pastured his horses on the premises in question. In the first place, it does not appear, from the affidavit, that he did not do so under circumstances which would deprive the fact of any importance, as, for instance, under an agreement with some person in possession under Jane De Hart, and, in the next place, the evidence would be merely cumulative, and, again, the fact would not strengthen the case on which the defendants relied for a verdict.

The motion will be denied, with costs.